# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY JOSEPH CARL COOPER** | ) | |
| **and CHRISTINE COOPER,** | ) | **Case No.: _____** |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Removed from the Circuit Court of** |
| **BLAINE CALVIN PAUL** | ) | **Escambia County, CV-2023-900166** |
| **and HUNT TRANSPORTATION** | ) | |
| **Inc.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to U.S.C. § § 1332, 1441, and 1446, the Defendants (the "Defendants"), hereby give notice of this removal of this civil action from the Circuit Court of Escambia County, Alabama, styled *Gary Joseph Carl Cooper and Christine Cooper v. Blaine Calvin Paul and Hunt Transportation, Civil Action No. 30-CV-2023-900166* and enclosed along with this Notice of Removal, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, the Defendants state as follows:

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a three-vehicle automobile collision that occurred on or about May 24, 2023, in Escambia County, Alabama. (Complaint, attached hereto as **Exhibit A**). Plaintiff Gary Joseph Carl Cooper was driving a 2017 Chevrolet Silverado 2500 HD, with Plaintiff Christine Cooper riding as a passenger. (*Id.* at ¶ 1-2; 8). Plaintiffs allege that Defendant Blaine Calvin Paul, who was driving a 2017 Freightliner tractor trailer owned by Hunt Transportation, Inc., and failed to realize that traffic was slowing and made contact with the rear of third-party Sidney Grant

Brown's 2021 Ram 1500, which then caused Mr. Brown's vehicle to collide with the Plaintiff's vehicle. (*Id.* at ¶ 8-9).

Plaintiffs name as defendants Blaine Calvin Paul and Hunt Transportation, Inc., neither of which are citizens of Alabama for purposes of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at ¶ 3-4). Plaintiffs do not name any Alabama individuals and/or entities as defendants. *Id*.

Defendants Blaine Calvin Paul and Hunt Transportation, Inc. accepted service on or about January 5, 2024. This Notice is filed within thirty (30) days of the acceptance of service by the Defendants, which satisfies the timeliness requirement of 28 U.S.C. § 1446 (2007) for removal to the United States District Court.[1]

## ARGUMENT

### I. Plaintiffs are diverse from Defendants.

This case is removable pursuant to 28 U.S.C. § § 1332, 1441, and 1446 as there is complete diversity of citizenship between Plaintiffs and Defendants. The Plaintiffs are residents of the State of Alabama. (*See* **Exhibit A,** ¶ 1-2). Blaine Calvin Paul is a resident of the State of Texas.[2] (*Id.* at ¶ 3). Hunt Transportation, Inc. is a foreign corporation, with its principal place of business located in Omaha, Nebraska.[3]

Against Blaine Calvin Paul, Plaintiffs assert claims of negligence, negligence *per se,* and wantonness. *Id.* Against Hunt Transportation, Inc., Plaintiffs assert claims of negligent entrustment; wanton entrustment; vicarious liability; and negligent hiring, training, retention, and supervision. As set forth above, neither Defendant is a resident or entity with its principal place of

---

[1] Fictitious party practice is not allowed in federal court. See *Maxwell v. E-Z-Go, A Division of Textron, Inc.*, 843 F.Supp. 2d 1209, 1213 (M.D. Ala. 2012).

[2] *See* **Exhibit A** at ¶ 3;

[3] *See* **Exhibit A,** ¶ 4;
Nebraska Secretary of State, Business Search, https://www.nebraska.gov/sos/corp/corpsearch.cgi?acct-number=0067245

business in Alabama. While fictitious defendants are listed, the Complaint does not assert any claims against any other known defendants.[4] Thus, there is no question that the requirements of diversity jurisdiction are met.

## II.    The amount in controversy requirement is satisfied.

The amount in controversy for diversity jurisdiction is satisfied. The Complaint is silent as to the amount of monetary damages sought by the Plaintiffs. However, Defendants assert that that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs.

As set forth in *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058,1061 (11th Cir. 2010),  if a plaintiff fails to specify as to the amount of damages sought in state court, the removing defendant(s) must prove by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. In this case, the Defendants acknowledge this burden and believe that the Plaintiff's Complaint provides more than sufficient evidence to meet this requirement.

This issue was decided in *Pretka v. Kolter City Plaza, Inc.,* where the 11th Circuit stated, "when the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)(citing *Williams v. Best Buy Co., Inc.* 269 F.3d 1316,1319 (11th Cir. 2001)). The 11th Circuit then continued by reasoning that when a moving defendant makes specific factual allegations and can support those allegations, a court may make reasonable deductions, reasonable inferences, other reasonable extrapolations. *Pretka v. Kolter City Plaza, Inc.,* 608 F.3d 744, 754

---

[4] Fictitious party practice is not allowed in federal court. See *Maxwell v. E-Z-Go, A Division of Textron, Inc.*, 843 F.Supp. 2d 1209, 1213 (M.D. Ala. 2012).

(11th Cir. 2010)(citing *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767, 770-71 (6th Cir. 2009). Despite the defendant's burden of proving beyond a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, defendants do not have a duty to prove "beyond all doubt or to banish all uncertainty about it." *Id.* at 754.

In the case at issue, the Complaint is silent on any monetary amounts. However, the Complaint does assert that each Plaintiff suffered "injuries to [his/her] body, past and future pain and suffering, past and future medical bills, costs, and expenses, past and future lost wages and loss of ability to earn income, out-of-pocket expenses, other than medical expenses; and past and future mental anguish and emotion distress." (*See* **Exhibit A, ¶** 30-31). The Complaint asserts identical claimed injuries and damages for both Plaintiffs. *Id.*

On August 15, 2023, Counsel for Plaintiff Christine Cooper issued a settlement demand outlining her claimed damages as being $2,260,860.68. (Christine Cooper Settlement Demand; attached hereto as **Exhibit B**). This figure is comprised of alleged economic damages of $41,660.68 and non-economic damages of $2,219,200.00. *Id.* Since the Complaint asserts identical damages for both Plaintiff Christine Cooper and Gary Cooper, the claims of Mr. Cooper are alleged to have similar value. Based on these circumstances, it is clear the Plaintiffs believe each of their claims against the Defendants to be worth substantially more than the amount in controversy requirement of $75,000.00.

The Complaint also demands punitive damages. (*Id.* at ¶ 34). This demand for punitive damages adds further credibility to the Defendants position that the amount of controversy requirement is met since the Plaintiffs allege that the Defendants engaged in wanton conduct. Due to this allegation, punitive damages are now in controversy. The likelihood of a plaintiff's

successful wantonness claim is not to be considered. *Farris v. Stryker Corp.,* 2019 U.S. Dist. Lexis 74760.

Defendants would agree that a wantonness claim, in this case or any, is difficult to prove. However, the likelihood of success for such a claim is not to be included in any analysis. *Id*. The Plaintiffs' simply asserting a claim of wanton conduct pushes their Plaintiffs' valuation of their claims well above the amount in controversy requirement of $75,000.00.

### III.     This Notice of Removal is timely filed.

Defendants accepted service on or about January 5, 2024. A defendant has thirty-days from the date of formal service of the summons and complaint in which to file the notice of removal.[5] Based on the date of service, Defendants have until February 5, 2024, to file this Notice of Removal. The filing of this Notice meets this requirement, and this filing is timely.

<u>CONCLUSION</u>

Defendants Blaine Calvin Paul and Hunt Transportation, Inc. have satisfied all procedural requirements with respect to diversity of citizenship, amount in controversy, and timing. Thus, removal is proper.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray the filing of this Notice of Removal, the filling of written notice to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Escambia County, Alabama, justify removal of said lawsuit to this Honorable Court.

*/s/ Pamela S. Hallford*
PAMELA S. HALLFORD (ASB-0481-M45S)
J. MARK CHAPPELL, JR. (ASB-5143-O00J)
Attorneys for Defendants

<u>OF COUNSEL</u>:

---

[5] 28 U.S.C. § 1446(b)(1); *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 (11th Cir. 2013) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (U.S. 1999)).

**CARR ALLISON**
200 Grove Park Lane
Suite 200
Dothan, Alabama 36305
Telephone:  (334) 712-6459
Facsimile:   (334) 712-0902
Email: pshallford@carrallison.com
         mchappell@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January 2024, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Email transmission;
_____ Hand Delivery;
_____ Placing a copy of same in the United States Mail, properly addressed
          and first class postage prepaid to; and/or
XXX Using the Alafile or CM/ECF system which will send notifications of
          such to the following:

J. Bernard Brannan, III
Morgan & Morgan Birmingham, PLLC
216 Summit Blvd., Suite 300
Birmingham, AL 35243
Telephone: (659) 903-6013
Email: jbrannan@forthepeople.com

_/s/ Pamela S. Hallford_____
Of Counsel